**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 494, Petitioner/Cross–Respondent**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent/Cross–Petitioner**

**Joseph G. Podewils; Gerald Nell Inc., Intervenors.**

**No. 04–1177.**

United States Court of Appeals, District of Columbia Circuit.

May 24, 2005.

Matthew R. Robbins, Nathan D. Eisenberg, Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, Milwaukee, WI, for Petitioner.

Arthur F. Rosenfeld, Aileen A. Armstrong, Deputy Associate General Counsel, John H. Ferguson, Assistant General Counsel, Julie B. Broido, Senior Attorney, Jeffrey Lawrence Horowitz, Attorney, National Labor Relations Board, Washington, DC, for Respondent.

Kevin J. Kinney, Krukowski & Costello, Milwaukee, WI, for Intervenors.

Before SENTELLE, RANDOLPH, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM

This appeal was considered on the record from the National Labor Relations Board and on the briefs by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that Local 494's petition for review be denied, and that the Board's order be enforced in full.

The Board has held that Section 8(b)(1)(B) of the National Labor Relations Act, 29 U.S.C. § 158(b)(1)(B), applies not only in cases where the Union already has a collective bargaining relationship with the employer, but also where the Union

lacks such a relationship but is actively seeking such a relationship. Petitioner challenges such a reading of the statute, relying primarily on Justice Scalia's separate opinion in *NLRB v. Electrical Workers, IBEW Local 340 (Royal Electric)*, 481 U.S. 573, 596, 107 S.Ct. 2002, 95 L.Ed.2d 557 (1987) (Scalia, J., concurring in judgment only). Petitioner's argument cannot succeed, however, because this Court has already endorsed the Board's reading of the statute in a previous appeal.

This Court's statement to that effect could not have been more clear:

> The law governing this case is undisputed. A union violates 8(b)(1)(B) by disciplining a supervisor who has either collective bargaining or grievance adjusting duties, thereby coercing an employer, only if it has, or is seeking, a collective bargaining relationship with the employer. *See Royal Electric*, 481 U.S. at 590, 107 S.Ct. 2002. The Board has not adopted the interpretation of section 8(b)(1)(B) Justice Scalia advanced in his Royal Electric concurrence: that the section only applies "to circumstances in which there is an actual contract between the union and affected employer, without regard to whether the union has an intent to establish such a contract." *Id.* at 597, 107 S.Ct. 2002 (Scalia, J., concurring [in judgment] ).

*Podewils v. NLRB*, 274 F.3d 536, 539 (D.C.Cir.2001) (footnote omitted).

That reading is the law of the case. As this Court sitting *en banc* explained in *LaShawn A. v. Barry*, "the *same* issue presented a second time in the *same* case in the same court should lead to the *same* result." 87 F.3d 1389, 1393 (D.C.Cir.1996) (*en banc*) (emphasis in original). "The doctrine encompasses a court's explicit decisions, as well as those issues decided by necessary implication." *Williamsburg Wax Museum, Inc. v. Historic Figures,*

*Inc.*, 810 F.2d 243, 250 (D.C.Cir.1987). Having set forth the rule governing this case once already, this Court cannot change its position now. Indeed, to do so in light of *Royal Electric* would be particularly inappropriate, as the Supreme Court accepted the Board's reading in *Royal Electric*, instructing that "union discipline directed at supervisor-members without § 8(b)(1)(B) duties, working for employers with whom *the union neither has nor seeks a collective-bargaining relationship,* cannot and does not adversely affect the performance of § 8(b)(1)(B) duties." 481 U.S. at 595, 107 S.Ct. 2002 (emphasis added).

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.